ASSUMPSIT on a contract by the defendant to sell to the plaintiffs twenty-five hundred to three thousand bushels of good, dry yellow com of that season's growth, to be delivered at their mills on the Brandywine by the 16th and 17th of November, 1880, for fifty-one cents per bushel. Defendant said to them he had a vessel ready, and would deliver the first load the first of the next week, and would then go on and deliver the rest of it as fast as the vessel could return and reload with it. He afterwards sold the corn to another purchaser for fifty-two cents per bushel.
J. H. Rodney for the defendant. The plaintiffs could not recover in the action upon the evidence before the court and jury, without proof that they had tendered the price agreed upon for the corn to the defendant prior to the bringing of their suit. Alderdice v. Truss, 2 Houst., 268; Benjamin on Sales, 480, 557; 2 Kents's Com., 493.
Neilds for the plaintiffs. A written demand by the plaintiffs upon the defendant for the delivery of the corn, dated November 27, 1880, was proved in the case, and it was also proved that the defendant had sold his crop of corn to another buyer at fifty-two cents perbushel before the twenty-fifth day of that month, and that he had thus put it out of his power to deliver it to the plaintiffs if they had tendered him the price for it. But no tender of the price was necessary before commencing the action in such case as this is shown to be. 2 Ch. Pl., 270, and cases cited in the note to it.
The Court,
charged the jury that the principle of law suggested and relied on by the counsel for the defendant *Page 434 
did not apply to such a case as this, and that no tender of the stipulated price was necessary before bringing the action in a case where a future time is agreed on for the delivery of the goods sold, and in the meanwhile the defendant puts it out of his power to perform the contract on his part by selling them to another.
The plaintiffs had a verdict for one hundred and six dollars.